UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILARY C. OWENS,

      Petitioner,

v.                              Case Number 2:23-CV-10313
                                  HONORABLE PAUL D. BORMAN

JAMES CORRIGAN,

      Respondent.
_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Hilary C. Owens, ("Petitioner"), incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder, Mich. Comp. Laws § 750.316(1)(a), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm in the commission of a felony, second offense, Mich. Comp. Laws § 750.227b. Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner filed a response to the motion. For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed with prejudice.

1

I.

A jury convicted Petitioner after a trial in the Wayne County Circuit Court. Direct review of Petitioner's conviction ended in the state courts on October 29, 2019, when the Michigan Supreme Court denied Petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Owens*, 504 Mich. 996, 934 N.W.2d 230 (2019).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on June 15, 2021. (See ECF No. 8-1, Page ID.74). The trial court and Michigan Court of Appeals denied Petitioner post-conviction relief; collateral review of his conviction ended in the Michigan courts on November 30, 2022, when the Michigan Supreme Court denied Petitioner leave to appeal the denial of his post-conviction motion. *People v. Owens*, 981 N.W.2d 481 (Mich. 2022).

On January 31, 2023, Petitioner filed his habeas petition with this Court.[1]

II.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d

---

[1] *See* ECF No. 1, PageID.17. Under the prison mailbox rule, this Court assumes that Petitioner actually filed his habeas petition on January 31, 2023, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 29, 2019. However, the one-year statute of limitations under 28

3

U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run, not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment thus became final on January 27, 2020, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, Petitioner was required to file his petition for a writ of habeas corpus with this Court no later than January 26, 2021, in order for the petition to be timely filed. *See Corbin v. Straub*, 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed a post-conviction motion with the state courts on June 15, 2021, after the one-year limitations period expired. A state court post-conviction motion that is filed after the limitations period has expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002). The petition is untimely.

Petitioner argues in his response that the petition is timely because he filed a motion to stay the petition for a writ of habeas corpus and hold it in abeyance with the United States District Court for the Eastern District of Michigan on October 15, 2020. (ECF No. 9, PageID.2138). Petitioner claims he never heard anything back from the court concerning his motion to stay so he went ahead and filed his post-conviction motion for relief from judgment in the state trial court. (*Id.*). Petitioner attached to his response a motion to stay the petition, but the motion has no case number or judge assigned to it, nor is the motion time stamped to indicate that it was received for filing by this Court. The motion is also unsigned. (*Id.*, PageID.2139-40).

Petitioner has provided this Court with no evidence that he actually mailed this motion to the Court, such as a Legal Mail Form used by the Michigan Department of Corrections for the mailing of legal pleadings to a court. This Court has searched the docket records for the United States District Court for the Eastern District of Michigan and has found no prior habeas cases filed by Petitioner either under the name Hilary Owens or Hillary Owens.[2]

---

[2] The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner occasionally uses the name Hillary Owens. *See* mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=576886.

In *Stewart v. Robinson*, 65 F. App'x 536, 538 (6th Cir. 2003), the Sixth Circuit held that a habeas petitioner's bare assertion that he mailed his habeas petition to the federal district court prior to the one-year limitations deadline was not enough to show that he had timely filed a petition. The Sixth Circuit noted that the alleged copy of the petition did not bear any objective indicia of mailing, and petitioner did not claim to be in possession of a receipt for the petition from the district court. In this case, Petitioner's conclusory and unsupported allegation that he previously filed a motion to stay the petition for a writ of habeas corpus without any other proof that he actually mailed the motion to this Court is insufficient to show that the current petition is timely filed.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As mentioned above, Petitioner argues that he filed a motion to stay the petition with this Court on or about October 15, 2020, but never heard back from the court. Assuming that Petitioner sent his motion to stay the petition to this Court but that it was lost in the mail or misplaced by the Clerk's Office, Petitioner

6

would not be entitled to equitable tolling on this basis. In *Stewart v. Robinson*, 65 F. App'x at 538, the Sixth Circuit rejected the claim that the petitioner was entitled to equitable tolling based on the alleged loss or misplacement of his prior habeas petition, because "[t]he absence of any supporting evidence of [the petitioner's] alleged 1998 filing and his unexplained failure to inquire into the status of the case until well over two and one-half years after the claimed mailing date of September 1998 supports the district court's actions in this regard [to reject the petitioner's equitable tolling argument]." *Id.*

Petitioner provided no evidence that he mailed his motion to stay the petition for a writ of habeas corpus to this Court. Moreover, Petitioner has presented no evidence that he ever contacted the Clerk's Office to inquire about the status of his motion or whether it had been filed. Petitioner does not mention this prior motion to hold the petition in abeyance in his initial petition. (ECF No. 1). In fact, Petitioner indicates in his petition that he never previously filed a federal habeas petition challenging his conviction. (*Id.*, PageID.6). Petitioner only informed this Court of the alleged prior motion to stay the petition and hold it in abeyance when he filed his response to the motion to dismiss (ECF No. 9) on September 12, 2023, which was almost three years after he allegedly filed his motion to hold the petition in abeyance. Petitioner failed to show that he acted with due diligence in seeking to ascertain the status of his alleged prior motion, thus, he is not entitled to equitable

7

tolling of the limitations period even assuming that he filed the motion, and it was misplaced by someone in the Clerk's Office or lost in the mail.

The one-year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception; he presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005).

### III.

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28

U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. The Court denies a certificate of appealability. *Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court further denies Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV.

Accordingly, the Court **SUMMARILY DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: October 27, 2023